Filed 9/21/23  P. v. Thompson CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ALLEN CORTEZ THOMPSON,<br><br>Defendant and Appellant. | F085690<br><br>(Super. Ct. No. CF96571402)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan M. Skiles, Judge.

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Dina Petrushenko, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P. J., Meehan, J. and DeSantos, J.

Defendant Allen Cortez Thompson was resentenced after this court reversed an order in a prior appeal when the trial court failed to properly consider a request from the Secretary of the Department of Corrections and Rehabilitation (CDCR) to recall his original sentence.  (*People v. Thompson* (March 29, 2022, F083075) [nonpub. opn.].)  Defendant now appeals the new sentence he received following remand, arguing the trial court failed to properly consider his motion made pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).  Our review leads us to conclude the trial court's determination on the *Romero* motion did not constitute an abuse of discretion, and we thus affirm the new sentence imposed.  However, on a separate issue, this case requires the preparation of an amended abstract of judgment to reflect all the time defendant has actually served since he was originally sentenced in 1997.

## BACKGROUND SUMMARY

In 1996, an information was filed charging defendant with kidnapping with the intent to commit robbery (Pen. Code,[1] § 209, subd. (b) [Stats. 1990, ch. 55, § 3],[2] a felony; count 1), second degree robbery (§§ 211, 212.5, subd. (c), a felony; count 2), negligent discharge of a firearm (§ 246.3 [Stats. 1988, ch. 1275, § 1], a felony; count 3), and being a felon in possession of a firearm (former § 12021, subd. (a)(1) [Stats. 1995, ch. 178, § 1], a felony; count 5).[3]  The information further alleged defendant was armed with a firearm in the commission of the robbery (§ 12022, subd. (a)(1)), and personally used a firearm (§ 12022.5, subd. (a)) in the commission of both the kidnapping and robbery.  Finally, the information alleged defendant had three prior serious felony convictions (§ 667, subd. (a)(1)), three prior strike convictions (§§ 667, subds. (b)–(i),

---

[1]     All further statutory references are to the Penal Code.

[2]     Where relevant, citations to previous versions of the statutes have been provided.

[3]     Count 4 is not mentioned because it was brought only against a codefendant.

1170.12, subd. (a)–(e), 1192.7, subd. (c)), and had served a prior prison term (former § 667.5, subd. (b)).

In January 1997, defendant pled no contest to each count, admitted the weapon use enhancements, admitted all the prior convictions and that he served a prior prison term. Defendant was then sentenced to a total term of 33 years to life consisting of 25 years to life sentence for the robbery count, plus five years for the prior serious felony conviction, and three years for the firearm use enhancement. The sentences for the remaining counts were stayed pursuant to section 654.

In March 2020, the Secretary of the CDCR wrote the trial court a letter recommending defendant's sentence be recalled under the authority of then section 1170, subdivision (d).[4] After the court refused to recall his sentence, defendant appealed that decision.[5] In a nonpublished opinion (*People v. Thompson* (Mar. 29, 2022, F083075) [nonpub.opn.]), we reversed the trial court's decision refusing to recall defendant's sentence and remanded the matter for further proceedings consistent with section 1172.1.

On December 15, 2022, the trial court held a hearing to consider the CDCR recommendation to recall defendant's sentence. During that hearing, the court also considered defendant's *Romero* motion, asking the court to strike the prior felony conviction allegations that brought the case under the "Three Strikes Law." At the conclusion of the hearing, the court recalled appellant's sentence, denied the *Romero* motion, and resentenced defendant. Defendant's new sentence of 25 years to life, using the robbery count (count 2) as the principal term, was determined after striking the prior

---

[4] The relevant language now appears in section 1172.1, which was renumbered and amended by Assembly Bill No. 200 (2021–2022 Reg. Sess; Stats. 2022, ch. 58, § 9, eff. June 30, 2022). All further references to this statutory language are to section 1172.1.

[5] Defendant's request to file a belated appeal was granted by this court on June 17, 2021, after he was not properly served with the trial court's decision not to recall his sentence. (*In re Thompson* (June 17, 2021, F081912 [nonpub. opn.].)

3.

serious felony enhancements, the firearm use enhancement, and the prior prison term enhancement. Once again, the sentences for the remaining counts were stayed pursuant to section 654. The court also awarded the same presentence credits listed in the original judgment.

## DISCUSSION

The primary focus of defendant's appeal is on the trial court's denial of his *Romero* motion, believing the decision constituted an abuse of discretion. Defendant believes the court refused to properly consider the motion because of its "practice of *never* dismissing strikes if the defendant was on parole when the new offense was committed." Our review of the full transcript of the hearing in this matter reveals defendant's interpretation of the court's reasoning is too restrictive and fails to acknowledge other relevant criteria the court considered.

## I.     The Denial of the *Romero* Motion Did Not Constitute an Abuse of Discretion

### A.     Standard of Review

Section 1385 empowers a trial court to "order an action to be dismissed" to further justice, on its own motion, or on the prosecution's motion. (§ 1385, subd. (a).) Furthermore, under section 1385, a trial court can also dismiss a portion of a case, including allegations stating a defendant was previously convicted of a felony that qualifies as a strike. (*Romero*, *supra*, 13 Cal.4th at p. 508.) Any order striking such an allegation should only be entered after a court determines the interests of justice would be served by not imposing a statutorily enhanced sentence, because the defendant falls outside the spirit of the Three Strikes law. (*Id*. at pp. 529–530.) Therefore, the trial court must consider:

> "[W]hether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious

and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161; accord, *People v. Johnson* (2015) 61 Cal.4th 674, 688–689.)

When a trial court either fails or refuses to dismiss a prior strike conviction allegation during sentencing, the court's decision will be reviewed under an abuse of discretion standard. (*People v. Carmony* (2004) 33 Cal.4th 367, 375 (*Carmony*).) The party appealing the sentence has the burden to show the decision was irrational or arbitrary; something no reasonable person could agree with. (*Id*. at pp. 376–377.) Because the Three Strikes law establishes a preference that prior strikes enhance a sentence, there is a "strong presumption … any sentence that conforms … is both rational and proper." (*Id*. at p. 378.)

A trial court is not required to state reasons for declining to exercise its discretion under section 1385, and absent an affirmative record to the contrary, is presumed to have considered all relevant factors properly. (*People v. Gillispie* (1997) 60 Cal.App.4th 429, 433; *People v. Myers* (1999) 69 Cal.App.4th 305, 310.) If a record is silent on what the court considered when sentencing a defendant, but the " 'record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law,' " the trial court's sentence should be affirmed, even if the reviewing court might have ruled differently. (*Carmony*, *supra*, 33 Cal.4th at p. 378.)

**B.     Application**

Again, defendant contends that when considering his *Romero* motion, the trial court improperly focused on his parole status when the crimes were committed in 1996. This belief appears to be based on the following statement made by the trial court:

> "I'll just focus in on the *Romero* issue. The issue the Court has is the fact that he was on parole for three prior robberies at the time he committed this kidnap and robbery. I have never stricken a strike when somebody was on parole for the strike offense. I understand you're saying it was a five-year prior, but he was still on supervision for those crimes at the time he committed this crime."

We view this statement as one acknowledging the trial court's prior rulings, not necessarily a statement of how he would rule in the future. Our conclusion is supported by additional statements made by the court when actually ruling on this matter:

> "[H]e's been in jail now or prison for 24 years plus couple years in jail prior to that, but every time he has been on supervision, he has picked up a new felony while on supervision.

> "So I'm not saying that is going to make me find that he's a public safety risk to where I'm going to deny the resentencing, but I'm also not going to say that that is not something this Court should consider when it looks at whether *Romero* is appropriate.

> "So I am very impressed by what I have seen from him, particularly in what he has availed himself in prison as far as rehabilitative avenues, courses, things that he's gone through. That bodes well for the future, but I also cannot be completely blind to the fact that historically every time he has been released from custody, he's committed a new offense."

The court went on to explain its thinking even further:

> "I'm giving him credit for what he has done, which is significant, and I'm balancing that against a criminal history that, quite frankly, is as significant as most that I have seen when you're talking about *Romero* given parole violation, parole violation and those new offenses being serious and violent and involving weapons.

> "But with that, let me put it on the record and, again, this—my intention and I believe the result of this resentencing will be that he will be immediately eligible for parole."

We find no abuse in these statements. The Three Strikes law increases punishment for a person who is convicted of a felony after having been previously convicted of specified offenses. (*People v. Murphy* (2001) 25 Cal.4th 136, 139.) Section 1385, subdivision (a) gives the trial court the discretion to strike an allegation that a defendant has previously been convicted of a felony if the dismissal is in furtherance of justice. (*Romero*, *supra*, 13 Cal.4th at p. 508.) The Three Strikes law was devised for career criminals, and it was intended to ensure longer prison sentences for those who commit a felony as long as they were previously convicted of at least

6.

one strike.  (*People v. Strong* (2001) 87 Cal.App.4th 328, 331–332.)  Our Supreme Court has declared that the purpose of the Three Strikes law is to punish recidivism, and it focuses on the status of a defendant as a repeat felon.  (*People v. Murphy*, *supra*, 25 Cal.4th at p. 155.)

Our review of the record reveals a trial court that engaged in a balancing process considering policy factors on how a new sentence should be imposed and shows the court exercising discretion based on the actual record before it.  It was entirely reasonable for the court to take into consideration the fact defendant reoffended while he was on parole for a prior strike offense.  (*People v. Uecker* (2009) 172 Cal.App.4th 583, 599.)  We also believe, based on the facts before the court, that it did not fall " 'outside the bounds of reason' " to consider the possible consequences of defendant being immediately released versus having to face a parole board to obtain a release.  (See *People v. Williams*, *supra*, 17 Cal.4th at p. 162.)

We believe the " 'court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law.' "  (*Carmony*, *supra*, 33 Cal.4th at p. 378.)  We, therefore, find no abuse of discretion in the court's decision denying the *Romero* motion.  (See *Id*. at p. 375.)

## II.     The Abstract of Judgment Must be Corrected

Defendant also asks this court to remand this matter so that the abstract of judgment issued after resentencing can be corrected to reflect all the time he has served since being sentenced in 1997.  "We do agree with defendant that the trial court, having modified defendant's sentence on remand, was obliged, in its new abstract of judgment, to credit him with all *actual* days he had spent in custody, whether in jail or prison, up to that time.  As we have seen, the court's duty in this respect arose from section 2900.1, which specifies that when a sentence is modified while in progress, the 'time' already served 'shall be credited upon any subsequent sentence [the defendant] may receive upon

7.

a new commitment for the same criminal act or acts.' " (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37.)

Pursuant to section 2900.1, once defendant was resentenced, the trial court should have determined all actual days defendant spent in custody and awarded such credits in the new abstract of judgment.

## **DISPOSITION**

The trial court is directed to prepare and forward to the CDCR an amended abstract of judgment awarding defendant additional custody credits for the period after he was originally sentenced in 1997 to December 15, 2022. In all other respects, the judgment is affirmed.